**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| G.K. LAS VEGAS LIMITED PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIMON PROPERTY GROUP, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:04-cv-01199–DAE-GWF <br><br> **ORDER GRANTING TEMPORARY PROTECTIVE ORDER** |

This matter is before the Court on Defendants' (1) Emergency Motion for Protective Order Relating to Subpoenas (2) Request for a Discovery Conference to Define Scope and Timing of Discovery (#142), filed on December 15, 2006; Defendants' Supplement to Emergency Motion for Protective Order to Advise the Court of Recent Developments (#144), filed on December 19, 2006; Plaintiff's Opposition to Emergency Motion for Protective Order Relating to Subpoenas and Response to Request for Discovery Conference to Define Scope and Timing of Discovery (#147), filed on December 21, 2006; Institutional Defendants' Supplemental Brief in Support of Motion for Protective Order (#150), filed December 29, 2006; and Plaintiff's Supplemental Response to Opposition to Emergency Motion for Protective Order Relating To Subpoenas (#154), filed January 4, 2007.  The Court conducted hearings on these matters on December 22, 2006 and January 5, 2007.

**BACKGROUND**

Defendants Simon Property Group, Inc.; Simon Property Group, L.P.; Simon Forum Developers, LLC; SDG Forum Associates, Limited Partnership; and MS Management Associates, Inc.

have moved the Court pursuant to Fed.R.Civ.Pro. 26(c) and Local Rule 26-7 for a protective order regarding subpoenas duces tecum served by Plaintiff on approximately 200 non-party tenants of the Institutional Defendants shopping mall complexes.  Many of the subpoenas have been issued from the District of Nevada, while others have been issued in the federal district courts in New Jersey, New York, California, Florida, New Hampshire, and possibly other districts.  Attached to all of the subpoenas served by Plaintiff is an identical "Exhibit A" which contains 19 categories (not including subparts) of documents to be produced by the subpoenaed tenants pursuant to the subpoena.

      Defendants argue that the categories of documents and information sought in the subpoena are overbroad, call for the production of irrelevant documents and information, are unduly burdensome, and/or call for production of the non-party tenants' confidential or proprietary information and, to some extent, seek production of Defendants' confidential or proprietary information.  Although, to the Court's knowledge, subpoenaed non-party tenants have not filed motions to quash the subpoenas in this district or in other districts where the subpoenas have been issued, Defendants have attached to their Emergency Motion (#142) and Supplemental Brief (#150) declarations and letters from some of the tenants objecting to the subpoenas on the foregoing grounds.  In addition, Defendants assert that they have received calls from numerous tenants expressing their objections and upset at being required to respond to the subpoenas and requesting or demanding that Defendants take court action to have the subpoenas quashed or stayed.  The Defendants argue the subpoenas issued by Plaintiff are causing injury to Defendants' business relations with their tenants.

      In response to Defendants' Motion, Plaintiff argues that the categories of documents sought in Exhibit "A" are relevant to the issues on which they seek discovery in this case, are reasonably limited in light of the information that Plaintiff needs to obtain to prove its claims, and are not unduly burdensome on the subpoenaed tenants.  Plaintiff has also advised the Court they have communicated with many of the subpoenaed tenants or their counsel, have granted extensions of the time to respond where requested or needed, and have explained, where necessary, the nature of documents or information sought under the subpoenas to lessen the burden imposed on the subpoenaed tenants.

      The documents and information sought from the non-party tenants in the subject subpoenas primarily related to Plaintiff's Nevada RICO claim based on the offense of false pretenses.  According

to Plaintiff's Second Amended Complaint, Plaintiff was the minority limited partner in Forum Developers Limited Partnership ("FDLP") which owned the Forum Shops shopping mall in Las Vegas, Nevada. Defendant(s) was the majority general partner. Plaintiff had a 40 percent ownership interest and Defendant owned a 60 percent interest. The FDLP partnership agreement contained a "buy-sell" provision pursuant to which one party could tender an offer to the other party to purchase his pro rata interest or shares in the FDLP. The offeree could either choose to sell his pro rata shares at the tender price or could purchase the offeror's shares. In 2003, Plaintiff offered a buy-sell proposal to sell its FDLP interest for $173,966,650, or to buy the Institutional and Individual Defendants' interest for $240,733,350. The Institutional and Individual Defendants elected to purchase Plaintiff's interest for $173,966,650. Eight months after the Institutional Defendants acquired Plaintiff's interest in the FDLP, a financing effort valued the Forum Shops at $1 billion. Plaintiff claims that Defendants' repeated and sustained efforts to prevent Plaintiff from accurately valuing the company caused Plaintiff to use a lower capitalization rate in its evaluation of FDLP's worth in early 2003. Plaintiff therefore alleges that its 40 percent interest in FDLP was actually worth $400 million at the time of the execution of the buy-sell provision and Defendants' improper and illegal actions caused it to lose more than $225 million.

   In its September 29, 2006 Order (#132), the District Judge partially granted the Institutional Defendants' motion to dismiss several of Plaintiff's claims for relief in its Second Amended Complaint, including claims based on various predicate offenses under the Nevada Racketeering Statute (Nevada RICO). The Court, however, left standing Plaintiff's Nevada RICO claim based on the alleged offense of false pretenses. As set forth in the Court's order, the crime of false pretenses under NRS 205.380 is equivalent to a civil claim for fraud. In holding that Plaintiff's complaint had sufficiently alleged a claim for false pretenses or fraud, the Court stated:

> Plaintiff's SAC alleges that in 2002 Defendants sent a number of letters, purposefully providing inaccurate, misleading, and incomplete information. Plaintiff also claims that the letters and monthly reports that Defendant provided regarding the financial status of FDLP were misleading and did not paint a true picture of the company in that they did not divulge activities that certain Defendants were involved in outside of FDLP. In particular, Plaintiff alleges that Defendants failed to disclose: (1) their policy of leveraging rents in the Forum shops with those less desirable malls owned by them; (2) their partnership with Chelsea and subsequent waiver of or failure to enforce radius clauses in the leases of shops located in the Forum Shops; and (3) FDLP's financing options with

1                 regard to the Phase III development.

2 *See Order* (#132), pages 22-23.

3       At pages 23-25 of its order, the District Judge discussed the specifics of these allegations in more detail and held that Plaintiff's Second Amended Complaint provided sufficient detail to allege a claim of fraud (false pretenses) under Fed.R.Civ.Pro. 9(b). The Court further noted that Plaintiff's fraud (false pretense) allegations are not based on an allegation that the rent rolls and financial information provided by Defendants contained facially inaccurate information. Rather, Plaintiff argues that these documents were indirectly misleading because Defendants should have disclosed their activities with regard to radius clause waivers and lease leveraging. As a result of these material omissions, Plaintiff alleges that it was not in a position to realize that the lease figures and financial information provided by Defendants did not portray a true and accurate picture of the value of its interest in the FDLP and contributed to its low buy-sell offer in January 2003. *Id.,* pages 25-26.

13       The Court also rejected Defendants' argument on the motion to dismiss that Plaintiff had failed to sufficiently allege that it reasonably relied on Defendants' misrepresentations or material omissions. The Court stated:

> While the Court has serious concerns whether Plaintiff can eventually establish that it justifiably relied on the alleged omissions and misrepresentations, the Court finds that it has plead the bare minimum allegations to proceed with its RICO claim under a theory of false pretenses. In particular, the Court finds that the premise for most of Plaintiff's false pretense claims are material omissions. In the security context, the Ninth Circuit has held that a party is entitled to a presumption of reliance where "the facts withheld [are] material in the sense that a reasonable investor might have considered them important in the making of [his] decision." Affiliated Ute Citizens v. United States, 406 U.S. 128, 153-54 (1972). Furthermore, the fiduciary relationship that existed between Plaintiff and Defendants, while not relieving Plaintiff of its duty to make reasonable inquiries, created a duty upon Defendants to disclose any activities that would materially reduce the value of their joint venture. See, e,g, AES Corp. v. Dow Chem. Co., 325 F.3d 174, 180 (3rd Cir. 2003).
>
> Although the Court finds that Plaintiff has pled sufficient facts to survive the instant motion to dismiss, it does so with reservations, and therefore will carefully reconsider the issue of reasonable reliance at the summary judgment stage when Plaintiff will be required to come forward with affirmative evidence that it justifiably relied on the alleged omissions in calculating its bid-offer price.

28 *See Order* (#132), pages 26-27.

**DISCUSSION**

In their Opposition to Emergency Motion for Protective Order (#147), the Plaintiff argues that Defendants lack standing to quash the subpoenas served on the non-party tenants. As a general proposition, a party lacks standing under Fed.R.Civ.Pro. 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *In re Cree Inc. Securities Litigation*, 220 F.R.D. 443 (M.D.N.C. 2004). A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially where the non-party, itself, has not objected. *See Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 636-37 (C.D. Cal. 2005). A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information. *See Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Flor. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)). *See also Moon v. SCP Pool Corporation, supra.*

In this case, some, but by no means all, of the non-party tenants have objected to the subpoenas on grounds of irrelevance, burdensomeness or because requested information constitutes protected confidential or propriety information. Defendants have advised the Court that many of the non-party tenants are waiting to see what action the Court takes in regard to Defendants' motion for protective order before filing their own motions to quash the subpoenas or seek protective orders from the issuing courts. Defendants have also raised a concern that in those instances where Plaintiff may have informally narrowed the scope of a subpoenaed tenant's obligation to respond to the subpoena, Defendants will not be informed whether the documents produced by a tenant constitute all documents in its possession, custody or control responsive to the categories of Exhibit A, or rather constitutes only a partial response based on the informal agreement by Plaintiff with the subpoenaed tenant to modify the scope of the subpoena.

1    Fed.R.Civ.Pro. 26(c), on which Defendants base their motion, provides that for good cause
2 shown, the court in which the action is pending may make any order which justice requires to protect a
3 party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Under Rule
4 26(b)(2) the court, on its own initiative after reasonable notice or pursuant to a motion under Rule
5 26(c), may limit proposed discovery if the court determines that the discovery sought is unreasonably
6 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
7 burdensome, or less expensive, or that the burden or expense of the proposed discovery outweighs its
8 likely benefit, taking into account the needs of the case, the amount in controversy, the parties'
9 resources, the importance of the issues at stake in the litigation, and the importance of the proposed
10 discovery in resolving the issues.

11   Defendants have requested that the Court enter a protective order providing that the tenants will
12 not be required to respond to the subpoenas until after the parties have conducted some initial discovery
13 regarding the basis for Plaintiff's allegation that it justifiably relied on the alleged material omissions of
14 information regarding radius limitations or lease leveraging.  Defendants have further argued that most
15 or all of the relevant information sought by Plaintiff is in the possession of Defendants and may be
16 obtained through discovery from the Defendants without imposing a substantial and unreasonable
17 burden on the tenants to produce documents.  Defendants also contend that the documents and
18 information sought by Plaintiff is overbroad in scope as to both subject matter and time, and the
19 subpoenas should, therefore, be substantially narrowed.  Plaintiff, by contrast argues that the documents
20 and information it seeks are relevant to its claims of material misrepresentations and omissions and to
21 its effort to meet its burden to prove that material information was concealed which misled it as to the
22 actual value of the FDLP at the time of the buy-sell agreement.  Plaintiff argues that it should not be
23 required to seek such information from Defendants, who may not currently have, or may deny having,
24 possession of all the requested information.  Plaintiff further argues that obtaining the documents and
25 information from the tenants will be a more reliable and efficient method for obtaining this discovery.
26 In its Supplemental Response to Opposition to Emergency Motion for Protective Order Relating To
27 Subpoenas (#154), Plaintiff has offered to revise Exhibit A to somewhat narrow the scope of the
28 subpoenaed documents and information.  Defendants contend, however, that even if the subpoenas are

1  narrowed as Plaintiff proposes, they still seek substantial information that is irrelevant, imposes undue
2  burden and expense on the tenants in responding, and seeks production of confidential or proprietary
3  information of Defendants and the tenants that requires the issuance of a confidentiality order before
4  tenants may be required to respond.

5        Both parties have presented complex arguments regarding the relevant scope of the categories
6  set forth in Exhibit A of the subpoenas.  Defendants, however, have presented the Court with credible
7  and substantial evidence and arguments that the subpoenas in their present form or as proposed to be
8  modified by Plaintiff, will likely impose a substantial burden in time and expense on tenants to respond
9  to the subpoenas.  The Court also finds that there is a legitimate question whether relevant documents
10 and information sought by the subpoenas are obtainable from Defendants or through some other sources
11 or means that are more convenient, less burdensome, or less expensive.  The Court requires additional
12 time in which to consider the proper scope of the subpoenas, whether responses to the subpoenas
13 should be stayed pending completion of other discovery or completion of other means to obtain relevant
14 and discoverable information that are the subject of the subpoenas.  Pending that decision, the Court
15 finds and concludes that it is proper to temporarily stay the enforcement of the subject subpoenas.
16 Accordingly,

17       **IT IS HEREBY ORDERED** that Defendants' (1) Emergency Motion for Protective Order
18 Relating to Subpoenas (2) Request for a Discovery Conference to Define Scope and Timing of
19 Discovery (#142) is **temporarily granted** as follows:

20       1.    **Pending further order from this Court regarding the subject subpoenas**, the
21 affected non-party tenants are not required to respond to the subpoenas and need not serve written
22 objections to or file motions to quash the subpoenas pursuant to Fed.R.Civ.Pro. 45(c), or motions for
23 protective order under Rule 26(c).  Plaintiff shall not seek to enforce compliance with the subpoenas
24 prior to a further order of the Court regarding the validity of the subpoenas.

25       2.    Plaintiff is not required to return any documents received from subpoenaed tenants who
26 have complied or partially complied with the subpoenas.  Plaintiff shall, however, inform Defendants of
27 any agreements, informal or otherwise, which modify the scope of the tenants' responses to the subject
28 subpoenas for tenants who have already served Plaintiff with responses to the subpoenas.  This order

shall also apply to future agreements between Plaintiff and the subpoenaed tenants to further modify the subpoenas as approved by the Court.

      3.     A copy of this Order shall be served on all subpoenaed tenants.

DATED this 9th day of January, 2007.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE