UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| G.K. LAS VEGAS LIMITED PARTNERSHIP, | ) ) ) | CV-S-04-1199 DAE-RJJ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| SIMON PROPERTY GROUP, INC., SIMON PROPERTY GROUP, L.P., SDG FORUM ASSOCIATES, LIMITED PARTNERSHIP, M.S. MANAGEMENT ASSOCIATES, INC., SPG FORUM DEVELOPERS, LLC, and DAVID SIMON, MELVIN SIMON, and HERBERT SIMON, | ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND THE SECOND AMENDED COMPLAINT AND
<u>ADD ADDITIONAL PARTY</u>

On December 5, 2007, the Court heard Plaintiff's Motion. Michael P. Carroll, Esq., Richard J. Pocker, Esq., Eric B. Halper, Esq., and Timothy B. Fitzgerald, Esq., appeared at the hearing on behalf of Plaintiff; George M. Garvey, Esq., James C. Rutten, Esq., C. Keith Rooker, Esq., and Michael Rawlins, Esq., appeared at the hearing on behalf of Defendants Simon Property Group, Inc., Simon Property Group L.P., M.S. Management Associates, Inc., SDG Forum

Associates, Limited Partnership, and SPG Forum Developers LLC; Kirk B. Lenhard, Esq., appeared at the hearing on behalf of Defendants David Simon, Melvin Simon, and Herbert Simon.  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Plaintiff's Motion.

BACKGROUND

On September 30, 2005, in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Causes of Action 4-11, 14-15 and 18-19, this Court held that Plaintiff G.K. Las Vegas ("GKLV" or "Plaintiff"), a former limited partner of Forum Developers Limited Partnership ("FDLP"), did not have standing to bring claims for acts directed toward FDLP since GKLV was no longer a partner at the time it brought the instant action.  (Doc. # 96 at 9-10.)  On September 29, 2006, in its Order Granting in Part and Denying in Part Institutional Defendants' Motion to Strike Claims this Court found that some of Plaintiff's allegations supporting its ninth and eleventh claims were improper because those claims sought to recover damages sustained by FDLP.  (Doc. # 132 at 32-35.)  This Court also found that Plaintiff's claims for breach of a fiduciary duty with respect to being included in a partnership with Chelsea Property Group were without merit.  (Id. at 33.)  This Court, however, denied Defendants' motion to dismiss the ninth claim in its entirety to the extent that such claim was based on the alleged acts by

2

Defendants to deprive Plaintiff of opportunities in connection with Phase III development.

On November 1, 2007, the parties entered into a stipulation modifying the discovery plan and scheduling order. (Doc. # 257.) Pursuant to that stipulation and order, the new deadline for completion of fact discovery is February 1, 2008. The parties did not stipulate to change the September 10, 2007 deadline to amend pleadings and add parties. (Doc. # 156.)

On September 10, 2007, Plaintiff filed the instant Motion to Amend the Second Amended Complaint and Add Additional Party. (Doc. # 248.) Plaintiff seeks to remove the allegations that were previously dismissed by this Court, add two new causes of action, add the remedy of disgorgement, and add a plaintiff. Defendants filed their opposition under seal on September 28, 2007. (Doc. # 249.) Plaintiff filed a reply on October 12, 2007. (Doc. # 253.)

STANDARD OF REVIEW

The granting or denial of a motion to amend a complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is within the court's discretion. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). The "underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)

(en banc) (citation and quotation marks omitted). Leave to amend "shall be freely given when justice so requires" and this rule should be applied with "extreme liberality." Forsyth, 114 F.3d at 1482 (citing Fed. R. Civ. P. 15(a)).

## DISCUSSION

In the proposed third amended complaint, Plaintiff seeks to remove allegations within claims that were previously dismissed by this Court, add claims for fraud in the inducement and recission for material misrepresentations, add a remedy of disgorgement, and add Sheldon Gordon as a plaintiff.

In determining whether to grant a motion to dismiss, the court should consider the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted).

Here, there is no indication that the instant motion is presented in bad faith. The motion was filed by the deadline set to amend the complaint or add parties, and thus, there is no undue delay. Although Plaintiff has previously amended the complaint, Defendants have not argued that allowing the new proposed amended complaint to be filed is futile. Defendants argue only that this Court should deny the motion to amend the complaint because: (1) the proposed

amended complaint contains many allegations that were previously dismissed by this Court; (2) there is no justification to attempt to add Sheldon Gordon as a plaintiff, three years after the initial filing of this lawsuit; and (3) Defendants will be prejudiced because they would have to reshape their defenses, consider filing counterclaims, and reshape their discovery.  Each of Defendants' arguments lacks sufficient merit to deny the motion.

With respect to the allegations that were previously dismissed, Plaintiff clarified in its reply brief that "every single legal claim previously dismissed by the Court has been dropped from the Amended Complaint in order to conform with the Court's order, and no new claims have been added to replace the claims that were dismissed."  (Doc. # 253 at 1.)  Indeed, a review of the eleventh cause of action in the proposed third amended complaint compared to the Second Amended Complaint reveals that Plaintiff removed many paragraphs regarding Phase III and the Chelsea Premium Outlet Center.  (See Pl.'s Ex. B ¶¶ 378 a-c, i-n.)  Furthermore, Plaintiff states that some of the factual paragraphs associated with the dismissed counts remain because the counts allowed to remain reference those paragraphs.  (Doc. # 253 at 4.)  Accordingly, Defendants' argument fails because none of the claims or causes of action that have been previously dismissed are included in the proposed third amended complaint, and to the extent that

Defendants were unsure about what Plaintiff was alleging, Plaintiff clarified the reason for citing some of the same factual allegations in its reply brief.

Defendants next assert that Plaintiff GKLV should not be allowed to add Sheldon Gordon, the man who allegedly controls GKLV, as a plaintiff this late into the lawsuit. In its reply, Plaintiff points out that just in May of this year, Defendants argued that GKLV lacks standing to bring many of the wrongs it alleges because GKLV is asserting wrongs that were directed at Gordon, rather than GKLV. (See Defs.' Mot. to Compel Doc. # 205.) Defendants claim that they have challenged GKLV's standing all along, and it is not a new argument. Plaintiff, however, also claims that Gordon previously assigned his interest in Phase II to GKLV, and Defendants only recently challenged the sufficiency of that assignment. Defendants assert that there is no evidence in the record that they are challenging the validity of the assignment, and that any uncertainty regarding the assignment arises purely from GKLV's reluctance to reveal evidence of the assignment. Defendants, however, spend several pages of their opposition brief discussing GKLV and Gordon's triggering of a buy-sell provision, letters back and forth between the parties asking about assignments of interest, settlement of litigation between Gordon and a partner in GKLV, their discovery requests on the issue of assignment, their motion to compel documents regarding the assignment,

and their allegation that they have not received all pertinent documents.  (Doc. # 249 at 4-7.)  Accordingly, there is clearly an issue as to whether Gordon and/or GKLV are the real parties in interest.  Although Plaintiff was certainly aware earlier that Gordon had claims that could be brought against Defendants, there is no evidence showing that Plaintiff was aware much earlier that Defendants may challenge the sufficiency of the alleged assignment of Gordon's claims to GKLV.

Furthermore, although not specifically addressed by either party, when a request is made to allow a person or entity to pursue their own claims, the court should consider Rule 17 of the Federal Rules of Civil Procedure.  See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2nd Cir. 1997) (holding that "[t]he request to make the selling shareholders the named plaintiffs on their own claims should have been considered in light of Fed. R. Civ. P. 17, and the amendment should have been found to relate back pursuant to Rule 17(a).").  Rule 17 of the Federal Rules of Civil Procedure provides in part that

> Every action shall be prosecuted in the name of the real
> party in interest. . . . The court may not dismiss an action
> for failure to prosecute in the name of the real party in
> interest until, after an objection, a reasonable time has
> been allowed for the real party in interest to ratify, join,
> or be substituted into the action. After ratification,
> joinder, or substitution, the action proceeds as if it had
> been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a).  "That Rule, as its text displays, speaks to the joinder of plaintiffs[.]"  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005).  Rule 17(a) thus "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action."  U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).  The purpose of the Rule is "to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue[, and] . . . to protect the defendant against . . . subsequent action by the party actually entitled to recover, and to [e]nsure generally that the judgment will have its proper effect as res judicata."  Farias v. Lewis, No. CVF051496AWILJO, 2005 WL 3436363, at *4 (E.D. Cal. Dec. 13, 2005) (citing Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1282 (9th Cir. 1983) and Fed. R. Civ. P. 17(a) Adv. Comm. Note).  Rule 17(a) "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought."  Goodman v. United States, 298 F.3d 1048, 1053-54 (9th Cir. 2002) (quotation marks and citation omitted); see also Covert v. Liggett Group, Inc., 750 F. Supp. 1303, 1310 (M.D. La. 1990) (Rule 17 "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.").  Ensuring that the action will be resolved on the merits, "is not a bad faith play to change tactics or

claims late in litigation. Indeed, joining both possible real parties in interest helps ensure that the years spent litigating the case culminate with a judgment on the merits, without the need for a second suit." Mytee Prods., Inc. v. H.D. Prods., Inc., No. 05-CV-2286 W(CAB), 2007 WL 4105713, at *4 (S.D. Cal. Nov. 16, 2007). Thus, "[t]he Federal Rules of Civil Procedure permit a plaintiff who is not a real party in interest to substitute the real party in interest in his stead, even though the original plaintiff presumably has no standing." Covert, 750 F. Supp. at 1310 (citation omitted).

Here, it is undisputed that Gordon has claims against Defendants. It is also undisputed that Defendants are challenging GKLV's standing to bring claims that pertain to wrongs against Gordon. Even though there is no record of Defendants challenging the sufficiency of the purported assignment of Gordon's claims to GKLV, it is apparent that Defendants believe that the evidence they have received to date is insufficient to support the actual assignment of claims. As such, it is highly likely that during this action Defendants will seek to dismiss some claims, arguing that GKLV does not have standing to bring such claims since they pertain to wrongs against Gordon and the purported assignment by Gordon is invalid. Furthermore, there is no evidence that Plaintiff did not believe that it had a cause of action when it started this suit or that it is acting in bad faith by trying to

9

add Gordon.  See Covert, 750 F. Supp. at 1310 (M.D. La. 1990) (granting the plaintiffs' motion to amend to substitute the plaintiff since there was "no evidence that plaintiffs did not sincerely believe that they had a cause of action when they commenced this suit").  Therefore, as there is uncertainty as to the real party in interest, Plaintiff should be allowed to join Gordon.

Defendants also claim that allowing Gordon to be added now would prejudice them because they would have to reshape their strategies, including possible counterclaims, and engage in new discovery.  This Court finds that Defendants will not be prejudiced by granting the instant motion.  As pointed out by Plaintiff, Defendants should not have to conduct new discovery because their previous discovery requests were directed to both GKLV and Gordon and Defendants defined GKLV to include Gordon personally.  Furthermore, the discovery cut-off has been extended to February 1, 2008.  Therefore, Defendants have almost two months to complete any additional discovery they have with respect to Gordon personally.  Finally, if there were any claims against Gordon personally, there was nothing preventing Defendants from filing such claims

against him previously.  This is not a situation where Defendants are learning of the existence of a new plaintiff very late in the litigation.[1]

Thus, as there is no prejudice to Defendants and there is an issue as to the real party in interest, this Court grants Plaintiff's Motion to Amend Complaint and Add Additional Party.  See Advanced Magnetics, Inc., 106 F.3d at 20-21 (finding no good reason why Rule 17(a) should not have been applied to allow the amendment of the complaint and holding that there "plainly was a mistake as to the legal effectiveness of the documents to permit AMI to sue as assignee," and there was no "unfairness to defendants in allowing substitution of the selling shareholders as plaintiffs on their respective claims. The original complaint plainly gave defendants the particulars of the selling shareholders' claims, and the attempt to substitute the selling shareholders was made within a reasonable time.").

Although this Court grants Plaintiff's motion, this Court HEREBY ORDERS Plaintiff to clarify with specificity in its third amended complaint which actions are brought by GKLV and which actions are brought by Gordon.

---

[1] In light of this amended complaint, Defendants are not precluded from requesting an extension of the discovery deadline beyond February 1, 2008, if they can show good cause.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Amend the Second Amended Complaint and Add Additional Party.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 11, 2007.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

G.K. Las Vegas Limited Partnership vs. Simon Property Group, Inc., et al., CV-S-04-1199 DAE-RJJ;  ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE SECOND AMENDED COMPLAINT AND ADD ADDITIONAL PARTY

12